IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>D. JUST, et al.,<br><br>    Defendants. | No. 2:18-CV-0740-MCE-DMC-P<br><br><br>ORDER |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion to compel (ECF No. 40).

        On May 29, 2019, plaintiff served on defendants two sets of requests for production of documents. See ECF No. 40, pg. 16 (Proof of Service). Defendants served timely responses on July 16, 2019. See id. at 17-35 (Defendants' Responses). Over 11,000 pages of responsive documents were served on plaintiff on July 30, 2019. See ECF No. 46-1 (Duggan Declaration).

        Plaintiff's motion is procedurally defective in that plaintiff failed to meet and confer as required by Federal Rule of Civil Procedure 37(a)(1). As defendants note in their opposition, plaintiff's motion does not contain any certification or declaration indicating that plaintiff at least attempted to meet and confer with defendants' counsel prior to filing the instant motion to compel. Plaintiff's failure to meet and confer is supported by the declaration of

defendants' counsel who states that he had no such communication with plaintiff.  <u>See</u> ECF No. 46-1 (Duggan Declaration).  The court notes that plaintiff's motion to compel was served on July 23, 2019 – after defendants served written responses but before defendants served responsive documents.  This timeline illustrates the importance of the meet-and-confer requirement for if plaintiff had made such an effort he would have learned that responsive documents were forthcoming, thereby potentially obviating any need to request court intervention.

      Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 40) is denied.

Dated:  September 9, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE