IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>  Plaintiff,<br><br>  v.<br><br>D. JUST,<br><br>  Defendant. | No.  2:18-CV-0740-MCE-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's motion for a Peavy hearing (ECF No. 81). For the reasons discussed below, plaintiff's motion is denied.

**I. BACKGROUND**

This action proceeds on plaintiff's civil rights complaint, filed on April 3, 2018 against defendants D. Just and T. Villescaz. See ECF No. 1. On February 15, 2019, the Court issued its scheduling order, establishing a period of time for discovery and setting a deadline for submission of dispositive motions. See ECF No. 24. On August 26, 2019, defendant Villescaz filed a motion for summary judgement. See ECF No. 47. In his motion, Villescaz argued that plaintiff failed to exhaust his administrative remedies through the grievance process available from the California Department of Corrections and Rehabilitation (CDCR), thus violating the

1  Prison Litigation Reform Act (PLRA). On March 31, 2020, the Court issued findings and
2  recommendations recommending that defendant Villescaz's motion for summary judgement be
3  granted. See ECF No. 66. On May 27, 2020, the District Judge adopted the Court's findings and
4  recommendations and dismissed defendant Villescaz. See ECF No. 73. Plaintiff then appealed
5  this dismissal to the Ninth Circuit Court of Appeals, which subsequently denied plaintiff's appeal
6  for lack of jurisdiction. See ECF No. 80. After this denial, plaintiff brought forth this pending
7  motion for a Peavy hearing. Specifically, plaintiff seeks this hearing to "develop the facts about
8  the exhaustion issue. . ." ECF No. 81, pg. 1.

## II. DISCUSSION

In seeking a "Peavy hearing", plaintiff is referencing Peavy v. Conley, 544 F.3d 739 (7th Cir. 2008). In Peavy, the Seventh Circuit questioned the Ninth Circuit's approach to exhaustion under the PLRA, which at the time was governed by Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003).  In Wyatt, the Ninth Circuit concluded that exhaustion was best raised as an unenumerated Rule 12(b) motion because failure to exhaust under the PLRA is an affirmative defense. See id. at 1119-20.  The Seventh Circuit disagreed with the approach, but agreed with the result that failure to exhaust should be addressed by way of motion rather than simply asserting the defense as an answer to the complaint. See Peavy, 544 F.3d at 741.  Ultimately, the Seventh Circuit crafted a three-step approach to address the issue, stating in part that:

> The sequence to be followed in a case in which exhaustion is contested is therefore as follows: (1) The district judge conducts a hearing on exhaustion and permits whatever discovery relating to exhaustion he deems appropriate [. . .]
>
> Id. at 742.

However, since Peavy, the Ninth Circuit has overturned Wyatt with the case Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014) (en banc), in which the Ninth Circuit concluded that an unenumerated Rule 12(b) motion is not generally the proper approach for raising exhaustion. See id. at 1168.  While an unenumerated Rule 12(b) motion may be appropriate in the rare event failure to exhaust is clear on the face of the complaint, defendants are encouraged

2

to raise the issue by way of a motion for summary judgment. See id. at 1168-69.

In his motion, plaintiff demands that he be permitted a hearing in order to develop the facts relevant to exhaustion. See ECF No. 81. However, a review of the docket reflects that he has already been granted an opportunity to develop those facts. The Court issued a scheduling order opening discovery on February 15, 2019. See ECF No. 24. Plaintiff had several months to pursue discovery, which he did. See e.g. ECF No. 40 (plaintiff's motion to compel); see also ECF No. 37 (order granting plaintiff's request for issuance of a subpoena). Defendant Villescaz filed a motion for summary judgment arguing failure to exhaust. See ECF No. 47. Plaintiff had an opportunity to present whatever evidence he had to support exhaustion in opposition to defendant's motion. The Court determined the evidence was undisputed that plaintiff failed to exhaust as to defendant Villescaz, who was ultimately dismissed from the case. See ECF No. 73. Plaintiff did not ask this Court to certify the issue for interlocutory appeal and the Ninth Circuit rejected plaintiff's interlocutory appeal from this determination for lack of jurisdiction. See ECF No. 80. Thus, plaintiff had ample opportunity to develop the factual record regarding the exhaustion issue and his pending motion is unnecessary.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for a Peavy hearing (ECF No. 81) is denied as unnecessary.

Dated: July 22, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3