1

2

3

4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    LANCE WILLIAMS,                          No.  2:18-CV-0740-MCE-DMC-P

12                  Plaintiff,

13          v.                                 ORDER

14    D. JUST,

15                  Defendant.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983. Pending before the Court is plaintiff's motion for the appointment of counsel

19    (ECF No. 86).

20          The United States Supreme Court has ruled that district courts lack authority to

21    require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist.

22    Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the

23    voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935

24    F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

25    A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success

26    on the merits and the ability of the plaintiff to articulate his claims on his own in light of the

27    complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is

28    dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the

1

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.
>
> Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances.  Plaintiff claims to suffer from multiple mental illnesses including depression, mental incompetence, and suicidal tendencies. In support of this assertion, plaintiff includes various documents relating to his mental state. See ECF No. 86, pgs. 3-58. However, despite plaintiff's argument that his allegedly diminished mental state warrants appointment of counsel, the Court is unconvinced.

First, the Court notes that the evidence of mental impairment which plaintiff attached to his motion dates no more recently than 2016. There is nothing in the record which reflects on plaintiff's current mental state. Second, plaintiff's claim of mental impairment is contradicted by his record of frequent litigation before the Court. A simple query of the Court's docketing system reflects that plaintiff has filed 20 civil rights lawsuits, two of which are currently pending, the current action and Williams v. Romero, et al., 2:17-cv-01884-TLN-DB. Notably, in Williams v. Romero, et al. before Judge Barnes, plaintiff filed a typed opposition to a motion for summary judgement on the very same day he filed his motion for appointment of counsel in the instant action arguing an inability to prepare an opposition to defendant's motion for summary judgment. See 2:17-cv-01884-TLN-DB, ECF No. 89. The dockets in both cases reflect that plaintiff has never previously sought appointment of counsel.  On this record, the Court finds that plaintiff has demonstrated, rather recently, an ability to draft and submit oppositions without the assistance of counsel.

Therefore, it is apparent that no exceptional circumstances are present which would justify Court appointment of counsel for plaintiff.

/ / /

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (ECF No. 86) is denied.

Dated:  August 11, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3