UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lance Williams, | No. 2:18-cv-00740-KJM-DMC |
| Plaintiff, | ORDER |
| v. | |
| D. Just, | |
| Defendant. | |

Plaintiff Lance Williams moves to attend the final pretrial conference for this case remotely via Zoom, for the court to appoint him counsel and to reopen discovery. Mot. at 1, ECF No. 128. Defendant D. Just opposes. Opp'n, ECF No. 129. The court **denies the motion**.

First, plaintiff moves to reopen discovery "because [the] discovery process was flawed" and if discovery is not reopened, his "case will be highly flawed and not winnable." Mot. at 1. A moving party must show good cause to modify a scheduling order. Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). This standard applies to requests to reopen discovery. *See, e.g., Sheridan v. Reinke*, 611 F. App'x 381, 384 (9th Cir. 2015) (unpublished). Courts consider several factors when deciding whether a party has shown "good cause" to reopen discovery, *see, e.g.*, *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (listing several), but the primary consideration is whether the moving party was diligent in its attempts to complete discovery in a timely manner, *see Johnson*, 975 F.2d

1

1   at 609. If the moving party was not diligent, the request should be denied. *Id.* Here, plaintiff has
2   not shown he was "diligent in obtaining discovery within the guidelines established by the court."
3   *City of Pomona*, 866 F.3d at 1066 (citation omitted). He has neither specified what additional
4   discovery he seeks nor explained why he could not complete discovery before the deadline.
5   Moreover, discovery has been closed for over four years, Order (Oct. 3, 2019), ECF No. 57, and a
6   pretrial conference is set for May 17, 2024, Order (Mar. 20, 2024), ECF No. 127. Reopening
7   discovery also would unfairly prejudice defendant and unduly delay this case. *See* Opp'n at 2–3;
8   *City of Pomona*, 866 F.3d at 1066 (identifying these factors). Plaintiff's request to reopen
9   discovery is denied.

10   Second, plaintiff asks the court to appoint him counsel because of his "mental health
11   diagnoses and physical ailments." Mot. at 1. "In proceedings in forma pauperis, the district court
12   'may request an attorney to represent any person unable to afford counsel.'" *Agyeman v. Corr.*
13   *Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting 28 U.S.C. § 1915(e)(1)). Attorneys
14   are appointed under this provision "only in exceptional circumstances." *Franklin v. Murphy*,
15   745 F.2d 1221, 1236 (9th Cir. 1984), *abrogated in part on other grounds by Neitzke v. Williams*,
16   490 U.S. 319 (1989) (citation omitted). "A finding of the exceptional circumstances . . . requires
17   at least an evaluation of the likelihood of the plaintiff's success on the merits and . . . ability to
18   articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d
19   at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). The likelihood of
20   success in this case is uncertain on the current record. Plaintiff has offered the court no evidence
21   to show his mental health and physical ailments will prevent him from capably pursuing his
22   claims and grappling with the relevant legal issues. His circumstances are not "exceptional" in
23   the necessary sense. *See Campbell v. Smith*, No. 21-01172, 2023 WL 1971464, at *2 (E.D. Cal.
24   Feb. 13, 2023), *reconsideration denied*, No. 21-01172, 2023 WL 3319437 (E.D. Cal. May 9,
25   2023). His request to appoint counsel is denied.

26   Third, plaintiff moves to appear remotely at the final pretrial conference due to his "fear
27   of planes and [because] driving would be detrimental to [his] mental health and physical health."
28   Mot. at 1. As defendant points out, plaintiff will need to appear for trial and it is important for

2

plaintiff, who brought this case, to establish he is able and willing to attend trial in-person, and his attendance at the final pretrial conference will accomplish that.  *See* Opp'n at 1–3.  His request to appear remotely at the final pretrial conference is denied.

For the reasons above, the court **denies** plaintiff's motion.

The Final Pretrial Conference set for Friday, May 17, 2024 at 10:00 AM before Chief Judge Kimberly J. Mueller is confirmed.  Plaintiff and trial counsel for the defense must attend in person and file the joint pretrial statement by April 26, 2024.  *See* E.D. Local Rule 282.

This order resolves ECF No. 128.

IT IS SO ORDERED.

DATED: April 23, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE